## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA

v.                                          ACTION NO. 4:05CR38

TONY JULIUS STEPHENSON, II,

      Defendant.

O R D E R

      In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. The Court concludes that the following facts require the detention of the defendant pending trial in this case.

    There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 846.

    There is probable cause to believe that the defendant has committed an offense under 18 U.S.C. § 924(c).

    The defendant has not rebutted the presumption established by the above finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

    The Court FINDS that the credible testimony and information submitted at the hearing establishes by clear and convincing

evidence that there is a strong case against the defendant for distribution of cocaine base and conspiracy to do so, as well as using a firearm during a drug offense.

The defendant is a lifelong resident of the Newport and Hampton community. He has resided with his girlfriend in Newport News since 2001. The defendant is currently 22 years of age. It is unclear whether the defendant has a place to live if released on bond, since his relatives appear to live in subsidized housing and he would not be able to go to those locations because of the pending charges of drug offenses.

The defendant has maintained employment since 1997, either as a cook or as a painter with his father. The defendant claims income of $900-$1000 per month and can meet his expenses. The defendant was convicted for failing to appear on a misdemeanor charge in 2001 and driving on a suspended license in 2001 in U.S. District Court in Newport News. He was discharged from probation in April of 2002. In 2001 he was found guilty of defaulting on payment of fines for a reckless driving conviction and sentenced to a suspended jail sentence. In 2003 he was found guilty of contempt of court for failing to pay child support. In December of 2003 the defendant was convicted of forging and uttering checks and received 12 months in jail, suspended on three years of good behavior. Thus the defendant was on a suspended sentence at the time of the commission of the offenses charged in this indictment.

The Court FINDS that the defendant is a risk of nonappearance for future court proceedings due to his prior convictions for failing to appear and contempt of court and his lack of any stable residence or employment, since his father is in custody. Further, the Court FINDS that the defendant is a danger to the community due to the nature of the charged offense, his criminal record, and the charged offenses allegedly committed while he was under a criminal justice sentence. The Court ORDERS the defendant DETAINED.

The Court FINDS that because of the substantial possible penalties that this defendant faces in this case and the strength of the evidence against him that there is a strong likelihood that the defendant will not appear for trial under any conditions of release. The Court further FINDS that the defendant is a danger to the community by his continuous and continuing drug dealing and should be detained pending the trial of this case. See United States v. Williams, 753 F.2d 329 (4th Cir. 1985).

There is a serious risk that the defendant will not appear.

There is a serious risk that the defendant will endanger the safety of another person or the community.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable

opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this Order to the United States Attorney at Norfolk, to the United States Marshal at Norfolk, to the United States Pretrial Services Office at Norfolk, and to counsel of record for the defendant.

                                                /s/
                                      Tommy E. Miller
                              United States Magistrate Judge

Norfolk, Virginia

April 19, 2005